# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| DENISE DEROSIA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>　　　　　　Defendant. | Case No.: 17-cv-1340<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.　This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.　The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.　Plaintiff Denise Derosia is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.　Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family, or household purposes.

5.　Defendant United Collection Bureau, Inc. ("UCB") is a foreign corporation with its principal place of business located at 5620 Southwyck Boulevard, Toledo, OH 43614.

6. UCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. UCB is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes. UCB is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about December 28, 2016, UCB mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Citibank, N.A." ("Citibank"). A copy of this letter is attached to this Complaint as Exhibit A.

9. Upon information and belief, the alleged debt referenced in Exhibit A was incurred through the use of a "Sears"-branded personal credit card account, used only for personal, family, or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by UCB to attempt to collect alleged debts.

12. Exhibit A contains a settlement offer that contradicts itself.

13. Exhibit A contains the following settlement offers:

> **Option #1** A lump sum payment of $1,888.11 to settle the account, due by 09-18-2017.
> (Refer to plan 3862406)    (A 25% savings)
>
> **Option #2** A settlement of $1,837.76 in two payments, the first payment of $918.88 due by the 18th of this month and one additional payments of $918.88 due by the 18th of each month.
> (Refer to plan 3862407)    (A 27% savings)
>
> Upon the timely receipt of the entire agreed upon settlement amount and clearance of funds this account will be settled and United Collection Bureau, Inc. will report the settlement to your creditor. We are not obligated to renew these offers.

14. Below the settlement offers, however, <u>Exhibit A</u> states:

> As of the date of this letter, you owe the above referenced balance. Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your payment is received. For further information, you may write to our office or call the telephone number within this communication.

15. <u>Exhibit A</u> implies that the amount of money necessary to settle the alleged debt changes and may not be the amount stated in the letter.

16. <u>Exhibit A</u> fails to state the terms of the settlement offer in a non-confusing manner. The amounts $1,888.11, $1,837.76, and $2,517.48, the amount listed as the "account balance" are each an "amount shown above" the language identified in Paragraph 14 of this complaint.

17. The unsophisticated consumer could not determine from <u>Exhibit A</u> if the settlement offer is for a set amount or a possibly variable amount.

18. The normal meaning of "settling" a debt means that the debt is permanently resolved in exchange for a payment of a portion of the balance.

19. The consumer could send the amounts specified in the settlement offers and would not know whether they had sent enough money to actually settle the account, due to the possibility that UCB or Citibank had added interest or other charges to the settlement amount.

20. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt. A payment of the entire debt would leave pennies or, at most, a few dollars left over for payment later. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Due to a few remaining dollars or cents of interest, however, UCB could continue to collect the entire remaining balance of the alleged debt.

21. Plaintiff was confused by <u>Exhibit A</u>.

22. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

23. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

24. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v.*

4

*Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

26. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of— the character, amount, or legal status of any debt.

28. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

29. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

5

31.     UCB's letter provides a purported "settlement offer," but that offer is misleading, as the amount necessary to effectuate the settlement may be greater than the amount printed on the letter and is unspecified.

32.     A consumer who mails a payment in the full amount of the "settlement amount" listed on the letter may not have sent enough money to actually settle the claim.

33.     UCB's letter encourages settlement payments to be short of the amount necessary for the creditor to agree to settle the alleged debt, allowing UCB or the creditor to continue collecting the remaining balance of the alleged debt, plus additional interest.

34.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10) and 1692f.

## CLASS ALLEGATIONS

35.     Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent collection letters in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes, (d) between September 29, 2016 and September 29, 2017, inclusive, (e) that was not returned by the postal service.

36.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

37.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

38.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

6

39. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

40. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 29, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com

7

Case 2:17-cv-01340-PP   Filed 09/29/17   Page 7 of 7   Document 1